LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DAVID A. FORKNER
(202) 434-5316
dforkner@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 21, 2019

**VIA ECF**

Honorable Raymond J. Dearie, U.S.D.J.
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re: *Garadi et al. v. Mars Wrigley Confectionary US, LLC*, Case 1:19-cv-03209-RJD-ST

Dear Judge Dearie:

    We write on behalf of Mars Wrigley Confectionary US, LLC ("Mars") to request a pre-motion conference to file a motion to dismiss. Mars manufactures Dove Bars® and Dove Bar® Minis (collectively "Dove Bars®"). (Compl. ¶¶ 3-4). Plaintiffs allege that, "despite being labeled 'Vanilla Ice Cream," Dove Bars® may not be made with vanilla extract. (*Id.* ¶¶ 18, 19, 32). Plaintiffs purport to bring claims for injunctive and monetary relief (1) "under the consumer protection statutes of all 50 states." (*Id.* ¶ 88); (2) for violations of California' Consumers Unfair Competition Law ("UCL"); (3) for negligent misrepresentation; (4) for breach of warranty and implied warranty of merchantability; (5) for fraud, and (6) for unjust enrichment. These claims are defective.

    ***Plaintiffs' claims are implausible and preempted.*** To be clear, *Dove Bars® are made with certified vanilla extract.* See 21 C.F.R. § 169.175 (defining "vanilla extract"). Plaintiffs nonetheless seize upon the ingredient list for Dove Bars®, which identifies vanilla extract as "natural flavor." (Compl. ¶¶ 29). Plaintiffs argue "it is improbable that the Products contain vanilla extract" because (1) if they did "the ingredient list would indicate it." (*Id.* ¶ 33); (2) "it would be illogical that where a company would use an ingredient that costs more money (vanilla-based) and . . . designate that ingredient with a . . . catchall 'natural flavor'" (*Id.* ¶ 36); and (3) "it is always preferable" to label product with the specific ingredient. (*Id.* ¶ 35).[1]

---

[1] Plaintiffs' counsel relies on these same arguments to bring a slew of lawsuits. *See Clarke et al v. Tillamook Cnty. Creamery Ass'n*, 7:19-cv-08207-NSR (S.D.N.Y) (Nelson, J.); *Lioul v. Nestle Dreyer's Ice Cream Co.*, 1:19-cv-05762-DLC (S.D.N.Y) (Cote, J.); *Andriulli et al v. Danone N. Am., LLC*, 7:19-cv-05165-VB (S.D.N.Y.) (Briccetti, J.); *Charles et al v. Friendly's Mfg. & Retail, LLC*, 1:19-cv-06571-JSR (Rakoff, J.); *Musikar et al v. Cumberland Farms, Inc.*, 7:19-cv-08410-CS (S.D.N.Y.) (Seibel, J.); *Trust et al v. Silk Operating Co., LLC*, 7:19-cv-08442-KMK (S.D.N.Y.) (Karas, J.); *Cicciarella v. Califia Farms, LLC*, 7:19-cv-08785-CS (S.D.N.Y.) (Seibel, J.); *Parham v. Aldi Inc.*, 1:19-cv-08975-PGG, (Gardephe J.); *Cosgrove*

WILLIAMS & CONNOLLY LLP

Plaintiffs' arguments are implausible and contravene federal labeling regulations. Those regulations not only define vanilla extract, but specify how to declare it on the label: "Each of the ingredients used in the food *shall be declared on the label* as required by the applicable sections 101 and 130 of this chapter." 21 C.F.R. § 169.175(a)-(c). The referenced sections, in turn, identify vanilla extract as a "natural flavor" and state that manufacturers "*shall declare the flavor in the statement of ingredients in the following way*: . . . "natural flavor . . . may be declared as "*natural flavor*." 21 C.F.R. § 101.22(h)(1); 21 C.F.R. § 101.4(b)(1) ("[F]lavorings . . . shall be declared according to the provisions of § 101.22.): 21 C.F.R. § 101.22(a)(3) (definition of natural flavor); 21 C.F.R. § 182.10 (defining "vanilla" as a natural flavoring). That Mars complies with the controlling regulations for the identifying vanilla extract cannot plausibly suggest the absence of the ingredient. *See Ashcroft v. Iqbal*, 556 U.S. 662, (2009) ("[T]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). Additionally, any attempt to impose different label requirements on Mars contravenes express pre-emption provisions for food labeling. *See Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018) ("[I]f a product's packaging does not run afoul of federal law governing food labeling, no state law claim for consumer deception will lie.").

***The negligent misrepresentation claims fail.*** First, plaintiffs have not pleaded "the defendant owed plaintiff a duty of care due to a special relationship." *Nelson v. MillerCoors, LLP*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017). Plaintiffs conclusory allege that Mars owed them a duty "based on defendant's position as a trusted entity which has held itself out as having special knowledge in the production, service and/or sale of the product type." (Compl. ¶ 116). But "if this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case." *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015); *Tyman v. Pfizer*, 2017 WL 6988936, at *15 (S.D.N.Y. Dec. 27, 2017); *Kimmell v. Schaefer*, 89 N.Y.2d 257, 265, 675 N.E.2d 450, 454, 652 N.Y.S.2d 715 (1996). Second, the economic loss doctrine precludes plaintiffs' claim. *See, e.g.*, *Elkind v. Revlon Consumer Prods., Inc.*, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015); *Gordon v. Hain Celestial Group, Inc.*, 2017 WL 213815, at *1 (S.D.N.Y. Jan. 18, 2017); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015)

***The express and implied warranty claims fail.*** First, Plaintiffs failed to provide the requisite pre-suit notice under New York law. *See Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018); *In re Frito-Lay N. Am., Inc. v. All Natural Litig.*, 2013 WL 4647512, at *27 (E.D.N.Y. Aug. 29, 2013) (same). Second Plaintiffs do not allege Dove Bars® are not "fit for human consumption," as required for a breach of implied warranty claim. *See Silva v. Smucker Natural Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015); *Donahue v. Ferolito*,

---

*v. Blue Diamond Growers*, 1:19-cv-08993-VM (Marrero, J.); *Steele et al v. Wegmans Food Mkts., Inc.*, 1:19-cv-09227-LLS (S.D.N.Y.) (Stanton, J.); *Sharpe v. A & W Concentrate Co. et al.*, 1:19-cv-00768-BMC (E.D.N.Y.) (Cogan, J.); *Derchin et al v. Unilever U.S., Inc.*, 1:19-cv-03543-NGG-RER (Garaufis, J.); *Haut et al v. Glanbia Performance Nutrition (Mfg.), Inc.*, 1:19-cv-04566-ILG-CLP (E.D.N.Y.) (Glasser, J.); *Kane et al v. Turkey Hill*, L.P., 2:19-cv-04794-JS-ARL (E.D.N.Y.) (Saybert, J.); *Weber-Lugo et al v. Aldi Inc.*, 1:19-cv-04861-ENV-SMG (E.D.N.Y.) (Vitaliano, J.); *Fields et al v. Friendly's Mfg. & Retail, LLC*, 1:19-cv-04924-DLI-CLP (E.D.N.Y.) (Irizarry, J.); *Hyde v. WWF Operating Co.*, 1:19-cv-05566-WFK-CLP (E.D.N.Y.) (Kuntz II, J.)

WILLIAMS & CONNOLLY LLP

*Vultaggio & Sons,* 786 N.Y.S.2d 153, 155 (1st Dep't 2004); *Hohn v. S. Shore Serv., Inc.*, 529 N.Y.S.2d 129, 130 (2d Dep't. 1988); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). *Third*, plaintiffs do not allege the requisite privity. *See Landtek Group, Inc. v. N. Am. Specialty Flooring, Inc.*, 2016 WL 11264722, at *35 (E.D.N.Y. 2016) ("The requirement that privity be established is equally applicable to claims based upon express and implied warranty theories.") (citations omitted); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (implied warranty claims require vertical privity).

***The common-law fraud claims fail.*** *First*, plaintiffs have not alleged facts that "give rise to a *strong* inference of fraudulent intent," let alone anything beyond pure speculation. *See Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 359 (E.D.N.Y. 2013) (A false statement "is not sufficient to establish fraudulent intent, nor is a defendant's 'generalized motive to satisfy consumers' desires [or] increase sales and profits.'"). *Second*, plaintiffs have not pleaded fraud with particularity.

***The unjust enrichment claims fail.*** *First*, "claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of other causes of action." *Nelson v. MillersCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *12 (E.D.N.Y. Sept. 14, 2015); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). *Second*, unjust enrichment is "unavailable where an adequate remedy at law exists." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 Fed. Appx. 611, 613 (2d Cir. 2010); *Goodrich & Pennington Mortgage Fund, Inc. v. Chase Home Fin., LLC*, 2008 WL 11338041, at *4 (S.D. Cal. Apr. 22, 2008).

***Plaintiffs lack standing to seek injunctive relief.*** Plaintiffs cannot seek a preliminary or permanent injunction requiring Mars to modify the packaging or label of Dove Bars®. Plaintiffs fail to allege a likelihood that they will be injured in the future. (Compl. ¶¶ 77, 118). Rather, Plaintiffs admit that (1) they would only "consider purchasing the Products again if there were assurances that [Dove Bars®] representations were no longer misleading." (*Id.* ¶ 77); and (2) they are now aware of the alleged misrepresentations and would not purchase the products. (*Id.* ¶ 118). Plaintiffs thus fail to demonstrate a likelihood of continuing or future injury, which is necessary to confer standing to sue for injunctive relief. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016); *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 553 (W.D.N.Y. 2018); *Atik v. Welch Foods, Inc.*, No. 15-cv-5405, 2016 WL 5678474-MKB-VMS, at *6 (E.D.N.Y. Sept. 30, 2016) (same).

We appreciate Your Honor's attention to these matters, and remain available should this Court require any additional information regarding this request.

Respectfully submitted,

David A. Forkner

cc: All counsel of record via ECF