LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DAVID A. FORKNER
(202) 434-5316
dforkner@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 20, 2019

**VIA ECF**

Honorable Raymond J. Dearie, U.S.D.J.
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Garadi et al v. Mars Wrigley Confectionery US, LLC*, No. 1:19-cv-03209-RJD-ST

Dear Judge Dearie:

      We write on behalf of Mars Wrigley Confectionary US, LLC ("Mars") to request a pre-motion conference to file a motion to dismiss. Mars manufactures Dove Bars® and Dove Bar® Minis (collectively "Dove Bars®"). (Am. Compl. ¶¶ 2-3). Plaintiff alleges that the labeling and ingredient list on Dove Bars® indicate that Dove Bars® are flavored with vanilla extract[1] and made with milk chocolate. (*Id.* ¶¶ 73, 141, 142). Plaintiff claims neither of those indications is true, (*id.* ¶¶ 79, 118, 145), and purports to bring claims for injunctive and monetary relief (1) for violations of New York General Business Law ("GBL") and consumer protection statutes of other states and territories; (2) for negligent misrepresentation; (3) for breach of express warranty, implied

---

[1] Plaintiff's counsel relies on the same argument to bring a slew of "vanilla" lawsuits. Here is a partial list: *Cartelli v. Danone USA, Inc.*, 7:19-cv-11354-VB (S.D.N.Y.) (Briccetti, J.); *Lytkine v. 7-Eleven, Inc.*, 1:19-cv-11352-JGK (S.D.N.Y.) (Koeltl, J.); *Louis v. The Mochi Ice Cream Co.*, 1:19-cv-11242-VM (S.D.N.Y) (Morrero, J.); *Clarke et al v. Tillamook Cnty. Creamery Ass'n*, 7:19-cv-08207-NSR (S.D.N.Y) (Nelson, J.); *Fore-Heron v. The Price Chopper, Inc.*, 7:19-cv-11224-NSR (Roman, J.); *Cummings v. Topco Associates, LLC*, 1:19-cv-11104-RA (Abrams, J.); *Lioul v. Nestle Dreyer's Ice Cream Co.*, 1:19-cv-05762-DLC (S.D.N.Y) (Cote, J.); *Andriulli et al v. Danone N. Am., LLC*, 7:19-cv-05165-VB (S.D.N.Y.) (Briccetti, J.); *Charles et al v. Friendly's Mfg. & Retail, LLC*, 1:19-cv-06571-JSR (Rakoff, J.); *Musikar et al v. Cumberland Farms, Inc.*, 7:19-cv-08410-CS (S.D.N.Y.) (Seibel, J.); *Trust et al v. Silk Operating Co., LLC*, 7:19-cv-08442-KMK (S.D.N.Y.) (Karas, J.); *Cicciarella v. Califia Farms, LLC*, 7:19-cv-08785-CS (S.D.N.Y.) (Seibel, J.); *Parham v. Aldi Inc.*, 1:19-cv-08975-PGG, (Gardephe J.); *Cosgrove v. Blue Diamond Growers*, 1:19-cv-08993-VM (Marrero, J.); *Steele et al v. Wegmans Food Mkts., Inc.*, 1:19-cv-09227-LLS (S.D.N.Y.) (Stanton, J.); *Sharpe v. A & W Concentrate Co. et al.*, 1:19-cv-00768-BMC (E.D.N.Y.) (Cogan, J.); *Derchin et al v. Unilever U.S., Inc.*, 1:19-cv-03543-NGG-RER (Garaufis, J.); *Haut et al v. Glanbia Performance Nutrition (Mfg.), Inc.*, 1:19-cv-04566-ILG-CLP (E.D.N.Y.) (Glasser, J.); *Kane et al v. Turkey Hill*, L.P., 2:19-cv-04794-JS-ARL (E.D.N.Y.) (Saybert, J.); *Weber-Lugo et al v. Aldi Inc.*, 1:19-cv-04861-ENV-SMG (E.D.N.Y.) (Vitaliano, J.); *Fields et al v. Friendly's Mfg. & Retail, LLC*, 1:19-cv-04924-DLI-CLP (E.D.N.Y.) (Irizarry, J.); *Hyde v. WWF Operating Co.*, 1:19-cv-05566-WFK-CLP (E.D.N.Y.) (Kuntz II, J.). *A decision on Mars' motion to dismiss will bear directly on these lawsuits.*

warranty of merchantability, and the Magnuson Moss Warranty Act ("MMWA"); (4) for fraud; and (5) for unjust enrichment. These claims are defective.

*Plaintiff's claims are implausible and preempted.* To be clear, *Dove Bars®* are made with *certified vanilla extract*. *See* 21 C.F.R. § 169.175 (defining "vanilla extract"). They also *are made with* milk chocolate. *See* 21 C.F.R. § 163.130 (defining "milk chocolate"). In any event, Plaintiff's arguments are implausible and contravene federal labeling regulations. For example, Plaintiff's claim that *Dove Bars®* must be identified as "milk chocolate and vegetable fat coating," (Am. Compl. ¶ 144) is based on a misreading of federal law. Similarly, while Plaintiff disputes that *Dove Bars®* are *made with certified vanilla extract*, he insists that ice cream made with vanilla extract must use the term "vanilla extract," and not "natural flavor" on its ingredients list (Am. Compl. ¶¶ 74-76). Federal regulations not only define vanilla extract, but specify how to declare it on the label: "Each of the ingredients used in the food *shall be declared on the label* as required by the applicable sections 101 and 130 of this chapter." 21 C.F.R. § 169.175(a)-(c). The referenced sections, in turn, identify vanilla extract as a "natural flavor" and state that manufacturers "*shall declare the flavor in the statement of ingredients in the following way*: . . . "natural flavor . . . may be declared as "*natural flavor*." 21 C.F.R. § 101.22(h)(1); 21 C.F.R. § 101.4(b)(1) ("[F]lavorings . . . shall be declared according to the provisions of § 101.22.): 21 C.F.R. § 101.22(a)(3) (definition of natural flavor); 21 C.F.R. § 182.10 (defining "vanilla" as a natural flavoring). Mars complies with the controlling regulations for identifying vanilla extract. Any attempt to impose different label requirements on Mars contravenes express pre-emption provisions for food labeling. *See Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018) ("[I]f a product's packaging does not run afoul of federal law governing food labeling, no state law claim for consumer deception will lie.").

*The negligent misrepresentation claims fail.* <u>First</u>, Plaintiff has not pleaded Mars owes him "a duty of care due to a special relationship." *Nelson v. MillerCoors, LLP*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017). Plaintiff conclusory alleges that Mars owed him a duty "based, in part, on defendant's position as one of the most recognized companies in the nation in this sector." (Am. Compl. ¶ 194). But "if this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case." *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015); *Tyman v. Pfizer*, 2017 WL 6988936, at *15 (S.D.N.Y. Dec. 27, 2017); *Kimmell v. Schaefer*, 89 N.Y.2d 257, 265, 675 N.E.2d 450, 454, 652 N.Y.S.2d 715 (1996). <u>Second</u>, the economic loss doctrine bars Plaintiff's claim. *See, e.g.*, *Elkind v. Revlon Consumer Prods., Inc.*, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015); *Gordon v. Hain Celestial Group, Inc.*, 2017 WL 213815, at *1 (S.D.N.Y. Jan. 18, 2017); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015).

*The express and implied warranty claims fail.* <u>First</u>, Plaintiff failed to provide the requisite pre-suit notice under New York law. *See Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018); *In re Frito-Lay N. Am., Inc. v. All Natural Litig.*, 2013 WL 4647512, at *27 (E.D.N.Y. Aug. 29, 2013) (same). <u>Second</u> Plaintiff does not allege Dove Bars® are not "fit for human consumption," as required for a breach of implied warranty claim. *See Silva v. Smucker Natural Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015); *Donahue v. Ferolito, Vultaggio & Sons,* 786 N.Y.S.2d 153, 155 (1st Dep't 2004); *Hohn v. S. Shore Serv., Inc.*, 529 N.Y.S.2d 129, 130 (2d Dep't. 1988); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). <u>Third</u>, Plaintiff does not allege the requisite privity. *See Landtek Group, Inc. v. N. Am.*

*Specialty Flooring, Inc.*, 2016 WL 11264722, at *35 (E.D.N.Y. 2016) ("The requirement that privity be established is equally applicable to claims based upon express and implied warranty theories.") (citations omitted); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (implied warranty claims require vertical privity). <u>Fourth</u>, Plaintiff has not pleaded a violation of the MMWA, as the challenged statements are merely a product description and governed by the FDA. *See*, *e.g.*, *Chufen Chen v. Dunkin' Brands, Inc.*, No. 17CV3808CBARER, 2018 WL 9346682, at *6 (E.D.N.Y. Sept. 17, 2018).

**The common-law fraud claims fail.** <u>First</u>, Plaintiff has not alleged facts that "give rise to a *strong* inference of fraudulent intent." *See Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 359 (E.D.N.Y. 2013) (A false statement "is not sufficient to establish fraudulent intent, nor is a defendant's 'generalized motive to satisfy consumers' desires [or] increase sales and profits.'"). <u>Second</u>, Plaintiff has not pleaded fraud with particularity.

**The unjust enrichment claims fail.** <u>First</u>, "claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of other causes of action." *Nelson v. MillersCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *12 (E.D.N.Y. Sept. 14, 2015); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). <u>Second</u>, unjust enrichment is "unavailable where an adequate remedy at law exists." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 Fed. Appx. 611, 613 (2d Cir. 2010).

**Plaintiff lacks standing to seek injunctive relief.** Plaintiff cannot seek an injunction requiring Mars to modify the packaging or label of Dove Bars®. Plaintiff fails to allege a likelihood that he will be injured in the future. (Am. Compl. ¶¶ 168, 203). Rather, Plaintiff admits that (1) he would only "consider purchasing the Products again if there were assurances that [Dove Bars®] representations were no longer misleading." (*Id.* ¶ 168); and (2) he is now aware of the alleged misrepresentations and would not pay as much as he did given this awareness. (*Id.* ¶ 203). Plaintiff thus fails to demonstrate a likelihood of continuing or future injury, which is necessary to confer standing to sue for injunctive relief. *See Nicosia v. Amazon.com, Inc.,* 834 F.3d 220, 239 (2d Cir. 2016); *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 553 (W.D.N.Y. 2018); *Atik v. Welch Foods, Inc.*, No. 15-cv-5405, 2016 WL 5678474-MKB-VMS, at *6 (E.D.N.Y. Sept. 30, 2016) (same).

We appreciate Your Honor's attention to these matters, and remain available should this Court require any additional information regarding this request.

                                                             Respectfully submitted,

                                                             <u>/s/ David A. Forkner</u>

                                                             David A. Forkner

cc: All counsel of record via ECF