# Sheehan & Associates, P.C.

| | |
|---|---|
| 505 Northern Boulevard | tel. 516.303.0552 |
| Suite 311 | fax 516.234.7800 |
| Great Neck, NY 11021 | spencer@spencersheehan.com |

December 24, 2019

District Judge Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  1:19-cv-03209-RJD-ST
 Garadi et al v. Mars Wrigley Confectionery US, LLC

Dear District Judge Dearie:

This office, with co-counsel Reese LLP, represents the plaintiffs.  On Friday, December 20, 2019, defendant filed a letter seeking a pre-motion conference for filing a motion to dismiss the first amended complaint ("FAC").  ECF No. 16, 14.  In accordance with your Honor's Individual Motion Practices ("Individual Rules"), plaintiff opposes defendant's request.

***Defendant's Pre-Motion Letter Fails to Dispute the FAC's Allegations.***  Defendant fails to directly respond to the FAC's allegations and instead mischaracterizes the nature of the allegations in the FAC.  ECF No. 16 ("Plaintiff disputes that *Dove Bars® are made with certified vanilla extract*" and "*made with* milk chocolate") (emphasis in original).

With respect to vanilla, nowhere do plaintiffs allege the Products are not "made with vanilla extract."  Rather, plaintiffs contend that contrary to consumer expectations and legal requirements, the Products *contain less vanilla* than the front labels represent.  FAC ¶ 75 (designation of "natural flavor" on ingredient list means "the flavoring in the food is not exclusively vanilla"), ¶ 118 ("the Products likely contain a small amount of vanilla derived from vanilla beans, the "Natural Flavor" does not refer exclusively to vanilla extract"). Second, Plaintiff does not "insist that ice cream made with vanilla extract must use the term 'vanilla extract,' and not 'natural flavor' on its ingredients list." Since defendant's ingredient list identifies "natural flavor" as opposed to an exclusively vanilla ingredient, this is *prima facie* evidence that the Product's flavoring contains non-vanilla flavors *in addition to vanilla*.  The "Natural Flavor" in the Products "is most likely the ingredient known as "Vanilla With Other Natural Flavors" or "Vanilla WONF." FAC, ¶ 81.  This ingredient contains vanilla extract, but also "contains potentiators and enhancers, like maltol, and often contains vanillin."  FAC, ¶ 82.

The conclusions reached by applying the labeling regulations to the Products' composition is buttressed by the gas chromatography-mass spectrometry ("GC-MS") analysis.  Though the Products claim to contain (some) vanilla – a fact not disputed by plaintiffs – the lab results actually indicate only two of the four vanilla marker compounds are not detectable.  FAC, ¶ 105.  And contrary to the requirements that a product labeled as "vanilla ice cream" contains only vanilla extract as flavoring, GC-MS reveals the presence of maltol, used to increase sweetness, ethyl vanillin, an artificial flavor and benzaldehyde, a flavor enhancer.  FAC, ¶¶ 110-116  None of these compounds are found in vanilla extract.

Third, the FAC provides the regulatory authority which has established that where a product is labeled "vanilla ice cream" without qualification, the flavor must only be derived from vanilla.  FAC, ¶ 63 (where an ice cream "contains no artificial flavor, the name on the principal display panel or panels of the label shall be accompanied by the common or usual name of the

1

characterizing flavor, e.g., 'vanilla'" 21 C.F.R. §135.110(f)(2)(i); see Quinn Letter, May 31, 1979 ("the designation of a characterizing flavor for category I ice cream is based on the premise that only natural flavor derived from the product whose flavor is simulated may be used.").

*Defendant's Reliance on the Flavoring Regulations is Misplaced.* The FAC points out that the "flavor regulations for ice creams are separate from the general flavor regulations for other foods." FAC ¶ 66 ("Quinn Letter, May 31, 1979 ('The general flavor regulations are not applicable to this standardized food.'"), ¶ 67 (citing Summers Letter, April 10, 1979, which states "the labeling requirements for the declaration of flavors in the name of ice cream are specifically provided for by the standard and is separate and apart from the general flavor regulations."); *see also* ¶ 70 ("For the purposes of designating the type of ice cream on the front label, whether a flavor complies with the general definition of natural flavor in other regulations has no relevance").

Second, because "ice cream is a standardized food and the vanilla ingredients are subject to their own standards of identity, the designation of the vanilla ingredients is controlled by 21 U.S.C. §343(g) – they are required to be specifically declared." FAC, ¶78. Defendant muddies the waters by citing a bevy of regulations which it does not correctly apply. ECF 16 at p. 2 (citing 21 C.F.R. § 101.22(h)(1), 21 C.F.R. § 101.4(b)(1), 21 C.F.R. § 101.22(a)(3), 21 C.F.R. § 182.10).

21 C.F.R. § 101.22(h)(1) is not applicable because "vanilla is the only flavor with its own standard of identity, its labeling is controlled not by the general flavor regulations but by the standards for vanilla ingredients." FAC, ¶ 37. Defendant next relies on 21 C.F.R. § 101.4(b)(1) which controls the labeling of "spices, flavorings [and] colorings." However, this section, entitled "designation of ingredients" requires that "foods that comply with standards of identity, except those ingredients exempted by 101.100, shall be listed by common or usual name." 21 C.F.R. § 101.4(a)(1). *See* FAC, ¶¶ 84-85 ("Labeling rules require that where ingredients subject to a standard of identity they "shall be listed by common or usual name. See 21 C.F.R. § 101.4(a)(1). Vanilla extract and vanilla flavoring are subject to standards of identity. See 21 C.F.R. § 169.175; 21 C.F.R. § 169.177.") *See* 21 C.F.R. § 169.175(b)(1) ("The specified name of the food is "Vanilla extract" or "Extract of vanilla".").

This conclusion is consistent with 21 U.S.C. § 343(g) of the Food, Drug, and Cosmetic Act, which deems a food misbranded where "it purports to be or is represented as a food for which a definition and standard of identity has been prescribed by regulations…unless (1) it conforms to such definition and standard, and (2) its label bears the name of the food specified in the definition and standard." Defendant's "Natural Flavor" does not conform to the requirements for vanilla extract because (1) though it may *contain some* vanilla extract, it also contains "other natural flavors" not from vanilla and (2) it is not designated "vanilla extract" on the ingredient list.

*Defendant Offers No Rebuttal Regarding FAC's Allegations that Product's "Milk Chocolate" Claims are False and Misleading.* According to defendant, it is "a misreading of federal law" to demand that the Products "be identified as 'milk chocolate and vegetable fat coating.'" ECF 16 at p.2 citing FAC, ¶ 144 and 21 C.F.R. § 163.130 ("milk chocolate"). Defendant's argument overlooks that even its own ingredient list acknowledges that the "coating" consists of "milk chocolate" as opposed to being entirely of "milk chocolate." FAC, ¶ 143 (ingredients of "coating" listed as "milk chocolate," "semisweet chocolate," "coconut oil, palm oil"). Had the entire coating been made of "milk chocolate," it would not be necessary to list coconut and palm oil as ingredients. In fact, the standard of identity for milk chocolate makes no allowance for the inclusion of these cheaper, lower quality vegetable fats. 21 C.F.R. § 163.130 (requiring "mixing and grinding chocolate liquor with one or more of the optional dairy ingredients

and one or more optional nutritive carbohydrate sweeteners," along with other optional ingredients).  The reason why coconut and palm oil – "vegetable derived oils, fats, and stearins other than cacao fat" – are not included at 21 C.F.R. § 163.130(b) is because they are relegated to the food designated "milk chocolate and vegetable fat coating." 21 C.F.R. § 163.155(b)-(c).

*Plaintiff has Standing to Seek Injunctive Relief.*   Defendant opposes plaintiff's request for injunctive relief to correct the challenged representations, because Plaintiff is now aware of the alleged misrepresentations and is not in danger of being deceived again. ECF 16 at 2. However, defendant's argument ignores that "an injunction in connection with a class action is designed to afford protection of *future consumers* from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. Procter & Gamble Co.*, F.Supp.3d 440, 445 (E.D.N.Y. 2014) (emphasis added). To hold otherwise "denigrate[s] the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." *Id.*

*Fraud Claims are Pleaded with Particularity.*   Plaintiffs' fraud claims are sufficient because the complaint plainly states that the Products are labeled as vanilla ice cream dipped in milk chocolate, yet based on the regulations and advanced scientific analysis, they are neither.  To state a claim for common law fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 402 (2d Cir. 2015).

*Express and Implied Warranty Claims are Sufficient.*   To the extent defendant challenges the warranty claims based on the absence of privity, the  New York Court of Appeals ""dispensed with" the privity requirement in actions "for breach of express warranty by a remote purchaser against a manufacturer who induced the purchase by representing the quality of the goods in public advertising and on labels which accompanied the goods." *Suarez v. Cal. Natural Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662 quoting *Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y. 2d 5 at 11 (1962).

Defendant's argument with respect to the lack of pre-suit notice also fails because New York Courts have created an exception to the notice requirement for retail customers. *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept.28, 2000); See also *Fischer v. Mead Johnson Labs.*, 41 A.D.2d 737, 737, 341 N.Y.S.2d 257 (1st Dep't. 1973) (overturning the Special Term and holding "the prescription of timely notice under the code provisions is to be applied, if at all, differently in commercial and retail sales situations.").

*Unjust Enrichment.*  Whether plaintiffs' unjust enrichment claims are duplicative can only be ascertained in the event of a decision from this Court on the common law and statutory claims. There may be a circumstance where the allegations fail to fit within one of the specific state law claims yet suffice to state a claim for unjust enrichment.  Therefore, dismissal of the unjust enrichment claims is premature.  Thank you for the attention to this matter.

Respectfully submitted,
  /s/Spencer Sheehan
Spencer Sheehan

Certificate of Service

I certify that on December 24, 2019, I served or emailed the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☐ |

 /s/ Spencer Sheehan 
Spencer Sheehan